Francis Corby, Appellee, v. Frank M. Dooley, Appellant.

Gen. No. 41,870.

Opinion filed March 18, 1941.

JOHN T. MURRAY and JOHN D. KING, both of Chicago, for appellant; JOHN D. KING, of Chicago, of counsel.

JOSEPH J. SULLIVAN and GREGORY A. GELDERMAN, both of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

In a statement of claim filed in the municipal court of Chicago on January 17, 1938, Francis Corby, alleged that on October 25, 1925, he paid Frank M. Dooley, the sum of $10,000 as his (plaintiff's) proportionate share of the purchase of certain real estate in Miami, Florida; that defendant failed to purchase the real estate; that he thereby became obligated to pay plaintiff the sum of $10,000; that on August 24, 1926, defendant paid plaintiff $5,000, on October 1, 1928, $1,000, and on September 17, 1929, $500; that thereafter defendant promised to repay the balance of $3,500 and failed so to do, and plaintiff asked judgment for $3,500, with interest at 5 per cent because of an unreasonable and vexatious delay. Defendant pleaded various defenses. The cause was tried before the court and a jury. On March 31, 1939, the jury returned a verdict reading: ''The court finds the issues against the plaintiff.'' On the same day (March 31, 1939) the court entered judgment on the verdict, entertained a motion by plaintiff for a new trial and continued the hearing on such motion to April 14, 1939. The record does not show that any action was taken on April 14, 1939. On June 9, 1939, the court (Judge BONELLI presiding) denied the motion for a new trial. On July 7, 1939, plaintiff moved to vacate the order of June 9, 1939, and the court continued the motion without setting it for any date. Following the order of July 7, 1939, appears the notation: ''Exception by defendant.'' On July 11, 1939, the court (Judge BONELLI presiding), denied plaintiff's motion to vacate the order of June 9, 1939. On July 13, 1939, the court (Judge BONELLI presiding) entered an order reading: ''Now comes the plaintiff in this cause and moves the court to vacate the orders of July 11, 1939 and June 9, 1939, and to vacate the judgment on verdict of March 31, 1939, and for a new trial, and the court being fully advised in the premises sustains said motion. Now come the parties to this cause; thereupon

it is ordered that this cause be and the same is hereby transferred to the Chief Justice for reassignment for immediate trial.'' The record does not show any further proceedings until December 8, 1939, when the court (Judge OSCAR S. CAPLAN presiding) entered the following order: ''Now comes the plaintiff in this cause and moves the court for leave to file interrogatories instanter and for rule on defendant to answer interrogatories in thirty days, and the court being fully advised in the premises sustains said motion.'' On December 8, 1939, sixteen interrogatories were filed by plaintiff. These interrogatories related to the merits of the case. On January 6, 1940, defendant filed his sworn answers to the sixteen interrogatories. The record does not show that defendant objected to the order allowing the filing of the interrogatories, or to the rule on him to answer the same. On May 10, 1940 (Judge CECIL C. SMITH presiding), defendant moved to strike the cause from the trial call. The court entered the motion and continued it to May 13, 1940. On May 13, 1940 (Judge SMITH presiding) the motion was postponed to May 14, 1940. The same judge presiding, the motion was postponed to May 27, 1940. On May 27, 1940, the same judge presiding, the motion was postponed to June 5, 1940. On June 7, 1940, the same judge presiding, the following order was entered: ''This cause coming on for hearing upon the motion of the defendant heretofore entered herein to strike the above entitled cause from the trial call because of the lack of jurisdiction of this court to hear said action and the court being fully advised in the premises sustains said motion, to which plaintiff takes exception.'' On June 19, 1940, Judge J. J. SONSTEBY presiding, the plaintiff moved to correct the record. The court entered the order and assigned it to Judge SMITH, to be heard on July 8, 1940. Nothing is stated as to what record was to be corrected or how it was to be corrected. On July 8, 1940, Judge SMITH presiding, the

motion to correct the record was continued to July, 9, 1940. On that day (Judge EUGENE J. HOLLAND presiding) the motion to correct the record was continued to July 11, 1940. On July 11, 1940 (Judge SMITH presiding) the motion was continued to July 12, 1940. On July 12, 1940 (Judge SMITH presiding) the motion was continued to July 22, 1940. Nothing further occurred until July 27, 1940, when the court (Judge WILLIAM V. DALY presiding) ordered that ''This cause be and the same is hereby set for hearing January 3, 1941.'' It does not appear that any ruling was made on the motion to correct the record. The record does not show that any order was entered on January 3, 1941. On February 11, 1941, defendant filed a document reading: ''Objection to jurisdiction of court to proceed. Now comes the defendant in his own person specially limiting his appearance to question the jurisdiction of this court to further proceed in the hearing of this cause, for the following reasons: First: The judgment of the court entered on March 31, 1939, is final and not appealed from. Second: The order of June 9, 1939, denying a motion for a new trial is a final appealable order and was not appealed from by the plaintiff. Third: The order of July 11, 1939, denying the motion to vacate the order of June 9, 1939, is a final and appealable order and was not appealed from by the plaintiff. Fourth: The court was without jurisdiction to vacate the said judgment of March 31, 1939, or to vacate the order of June 9, 1939, or the order of July 11, 1939. Fifth: The order of Judge Smith entered on June 7, 1940, was a final appealable order and was not appealed from and the court therefore is without jurisdiction to proceed herein.'' On February 11, 1941, the defendant filed a document reading: ''Objection to impanelling of jury. And now again comes the defendant in his own proper person, specially limiting his appearance to object to the jurisdiction of this court to further proceed in the hearing of this

cause and objects to the impanelling a jury herein and objects to the jury being sworn to try the alleged issues herein, the issues being fully determined by the verdict of the jury returned and entered herein on March 31, 1939.'' On the same day the court (Judge DALY presiding) overruled the objection of defendant to the jurisdiction of the court and to the impanelling of a jury. The second trial before a jury (Judge DALY presiding) commencing February 11, 1941, resulted in the return of a verdict on February 17, 1941, finding the issues against the defendant, with damages assessed at $2,500. On February 18, 1941, defendant filed a motion in arrest of ·judgment and a motion *non obstante veredicto*. These two motions relied on the five points embraced in the document called, ''Objection to jurisdiction of court to proceed,'' which was filed on February 11, 1941. Defendant's motions were continued on five occasions. On April 9, 1941, the court (Judge DALY presiding) denied the motions for judgment notwithstanding the verdict and in arrest of judgment, and entered judgment on the verdict for the plaintiff in the sum of $2,500. On April 23, 1941, the court (Judge DALY presiding) entered the following order: ''Upon due notice to plaintiff, this cause coming on to be heard on defendant's motion to strike from the records all rulings, orders, judgments and proceedings entered herein, by the court, subsequent to July 11, 1939, to restore to the record the judgment entered in said cause on March 31, 1939, in favor of the defendant and against the plaintiff for costs, it is ordered and adjudged by the court that said motion be, and the same is hereby overruled, to which order overruling said motion the defendant duly excepts.'' Defendant appeals from this latter order and prays that such order be reversed and that we direct the trial court to strike from the record all rulings, orders, judgments and proceedings entered subsequent to July 11, 1939, and to restore to the record the judg-

ment in favor of defendant of March 31, 1939. The transcript of the testimony has not been brought up. There is no claim that any errors were committed in the trial, or that the jury was not properly instructed. At the request of plaintiff, the transcript of the colloquy between the court and the respective attorneys on the argument of the motion for judgment notwithstanding the verdict was included in the record.

Defendant maintains that when the court (Judge BONELLI presiding) on July 13, 1939, vacated the judgment of March 31, 1939, successive motions having been denied, he acted without jurisdiction, his orders being null and void, and all proceedings thereafter were null and void; that the first judgment was not appealed from; that it was not set aside by a motion in the nature of a writ of error *coram nobis,* and that it was not set aside by a petition equivalent to a complaint in equity. Defendant asserts that a judgment in the municipal court becomes final after 30 days from its entry and can only be set aside by that court by a petition taking the place of a complaint in chancery, or upon a motion in the nature of a writ of error *coram nobis;* that such motion or petition to vacate constitutes a new suit wherein the one opposing the motion should be required to join issue, and that upon issue joined the facts should be determined following a hearing. Defendant also makes the statement that jurisdiction of the subject matter cannot be waived or conferred by consent or by silence of counsel. He concludes by saying that a second motion for a new trial will not be entertained. Plaintiff replies to these contentions by asserting that the court had jurisdiction of both the parties and the subject matter, and that the judgment in his favor should stand. Jurisdiction of the subject matter is conferred by law and does not rest solely upon the averments in a pleading. Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit.

If the law confers the power to render a judgment or decree, then the court has jurisdiction. Jurisdiction of a particular matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. Jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous decision, however erroneous that decision may be. (*O'Brien v. People ex rel. Kellogg Switchboard & Supply Co.*, 216 Ill. 354, 363.) Both parties in the instant case were quite informal in presenting their motions. The motions were oral. The record shows that on July 7, 1939, at which time plaintiff moved to vacate the order of June 9, 1939, the defendant excepted. The record does not show the nature of his exception. The order of July 13, 1939, which vacated the first judgment and awarded a new trial to plaintiff, does not show that there was any argument against the granting of such motion, or against the further order entered at the same time transferring the cause for "immediate trial." The presumption is that the action of the court in granting the new trial was in accordance with the law. The burden is upon the party appealing to show that the allowance of the new trial was improper. Although the record does not show that the defendant assented to the order of July 13, 1939, which granted the new trial, it does not show that he voiced any objection. Five months after the entry of the order allowing the new trial, plaintiff procured an order permitting him to file interrogatories and a rule on the defendant to answer the same. Here also the record is barren of any objection by defendant. On January 6, 1940, approximately six months after the entry of the order granting the new trial, defendant filed sixteen answers to the interrogatories propounded by plaintiff. These interrogatories and answers related to the merits of the case. They clearly show that at that time defend-

ant recognized that the court had jurisdiction of the subject matter and of his person. On May 10, 1940, ten months following the entry of the order allowing the new trial, defendant moved to strike the cause from the trial call. This motion was postponed three times, and on June 7, 1940, the court (Judge SMITH presiding) sustained the motion of defendant to strike the cause from the trial call ''because of the lack of jurisdiction of this court to hear said action.'' It will be observed that defendant's motion was merely to strike the cause from the trial call. Defendant appears to consider that the allowance of this motion had the effect of disposing of the case. It is obvious that all the court was asked to do and all that it did do was to strike the cause from the trial call. The cause remained pending and undetermined. Defendant's motion to strike the cause from the trial call did not assign any ground therefor. In passing on the motion the court stated that it was a motion of defendant to strike the cause from the trial call because of lack of jurisdiction of the court to hear the action. This statement by the court did not, in fact, deprive the court of jurisdiction because what the court actually did was to strike the cause from the trial call. We have examined the record closely and find that the jurisdiction of the court is mentioned for the first time in the order of June 7, 1940, almost eleven months after the entry of the order allowing the new trial. The first time the defendant adequately objected to the jurisdiction of the court was on February 11, 1941, eighteen months after the entry of the order allowing the new trial. Defendant has not brought before us any record showing that he objected in due time, and the record that he does bring shows that he recognized that the court had jurisdiction. It is manifest that the court had jurisdiction of the subject matter. The actions of the defendant do not show that he complained about the manner in which the court exercised

its jurisdiction. In fact, he accepted the orders of the court as being proper and regular. The presumption is that the court acted in accordance with the law and the facts presented to it. Not having objected to the entry of the order granting the new trial, and having by his subsequent conduct recognized the validity of such order, and the court having general jurisdiction of the subject matter, the defendant will not be permitted to challenge such order.

Therefore, the judgment entered by the municipal court of Chicago on April 9, 1941, for the plaintiff and against the defendant in the sum of $2,500 is affirmed.

*Judgment affirmed.*

HEBEL and KILEY, JJ., concur.